and let me just welcome the folks from Martin Van Buren High School, delighted to have you All right, Ms. Lancia, you have reserved two minutes for rebuttal, so that gives you eight minutes to start. As soon as you're ready, you can go to the lectern. And you're filling in Mr. Valentone is ill, is that correct? Yes, correct. All right, well, thank you. But you know the case, you've been working on it, right? Yes. Okay, all right, the floor is yours. May it please the Court, my name is Nicole Lancia and I represent the appellant in this matter. We are seeking this Court's reversal of the District Court's August 26, 2025 order, granting defendants cross-motion for summary judgment and essentially dismissing plaintiff's claims as dependency for the 23-24 school year. Can I just, I just want to make sure we have appellate jurisdiction. Yes, we do. Are you disclaiming any intent to file an amended complaint, right? You were given leave to file an amended complaint, didn't, went straight to an appeal. Yes. But that generally isn't the final order. And so you're now disclaiming any intent to amend. Yes, that's correct. All right, but, I mean, you also, in your brief, then talk about your appealing the District Court's order that limited the scope of any amended complaint. So you're abandoning that argument on appeal? It's my understanding, Your Honor, that while we didn't explicitly disclaim an intent to appeal, this Court, under established case law, will treat a premature appeal from a judgment granting leave to amend as an appeal from a final judgment if the deadline is passed to amend the complaint. There was no deadline. The complaint was not amended. So to the extent, I would say, alternatively, that the Court disagrees with our arguments to reverse the District Court's finding as to the failure to exhaust administrative remedies, the failure to exhaust, I'm sorry, the failure to state a claim. No, but one of the arguments is that the District Court limited your scope of an amended complaint. Yes. And so I'm assuming you're having not even sought to amend and now disclaiming any intent to amend. You can't really be arguing on appeal that you get to amend, can you? I think that's a fair understanding, Your Honor. However, alternatively, I think that we would, to the extent possible, if, like I was saying, if the Court disagrees with our arguments, alternatively, we would ask that it be remanded to the District Court to the extent possible for us to amend the complaint because there was no amendment deadline. But I think the proper course would just be to – Wait. So I'm sorry. Clear that. So you get an opportunity to amend. You choose not to. That's so that you then can run straight to the appellate court. And then you say you'd like to remand so you can amend? No, we wouldn't want a remand to amend. That is not our primary basis for being here. That is not the primary relief that we seek. And it was not argued in the brief, so I don't think I can argue that today in all fairness. But to be clear, if we affirm, you can't go back to the District Court and say, let us amend? I think that would be safe to say. Yes. Okay. And like I said, based on the briefing in this case, I don't think that that argument is there for us to be able to do that. The only way my understanding would be for any remand would be if the court were to reverse the District Court's decision and perhaps remand with further instructions to enforce pendency as it was set forth in SRO Decision 24-187. So in that regard, the court erred, the District Court erred in dismissing plaintiff's pendency claims as to the 23-24 school year because the plaintiff did not fail to exhaust. I'm sorry to interrupt you again, and I'll let you come back to this. No problem. This isn't me to be arguing. But do you agree now that the 24-25 school year issue is moot? No. No? Didn't you get what you wanted already in May of 2025? No, Your Honor. Because the DOE was required to implement and fund the pendency placement, which the SRO established in 24-187, and which the District Court acknowledged was the basis for KA's pendency. But it did not enforce the express terms of 24-87. It did not provide transportation, and its offer was illusory, and I can get into that further. And it never offered nursing services either. SRO 24-187. Did you get everything that you were seeking with respect to 2024-2025? No. It's my understanding that there's still nonpayment as to the contracted services that were provided. You haven't gotten a check, but a decision has been made that you are entitled to those funds, correct? Yes. But DOE's ongoing nonpayment of those, for the services, transportation and nursing. Is that what you want from us in order that DOE should pay it? Enforcing the pendency order and ordering DOE to comply with 24-187. You already won that, but I'm not sure what you are still asking for with respect to 2024-2025. Yes. So because the District Court, and it kind of ties to the amendment issue. What are you seeking with respect to 2024-2025? Payment, compliance with the SRO decision 24-187, which is to, which includes reimbursement for transportation and nursing. And that has not been achieved. They have said they will pay it, right? I'm sorry? They have said they will pay it? I am not clear on that right now. Perhaps opposing counsel can speak more to that. As of the time of this briefing, it is my understanding that there was no agreement to pay that. All right. But what you are seeking in your complaint is an order that DOE fund these things. And all of that was ordered by the SRO in 2025. So you are asking us to order something that the SRO has already ordered. But which the District Court has refused to order and to acknowledge and allows DOE to. But it has moved. I mean, you are asking the District Court to order something that is of no moment because you have already gotten what you are asking them to order. Well, it is our position that the ongoing nonpayment keeps the controversy alive. We are not the claims department for the DOE, right? I mean, there is a process that you go to to get an SRO order complied with. But what you asked for was an order telling the DOE to do exactly what the SRO has already told them to do. And so I guess it seems to me this is clearly. But they have not complied with that order. And this is not a case about. You didn't ask us to basically shake them down and get the check. I don't think you could do that. So there is an order that affects rates exactly what you are seeking us to order here, right? Or the District Court to order. Well, for 2425, but also for 2324, which was the District Court found that plaintiff failed to exhaust administrative remedies for that. So let's go to that one. Because I think that's the primary. Well, at least the first argument that was raised in our brief. And with respect to that issue, the District Court erred by refusing to recognize that the state put provision as an exception to the administrative exhaustion requirement. And in the complaint on appendix pages 12, 13, 15, 16, 19 to 21, the allegations and the first cause of action go through exactly how DOE violated K.A.'s tendency with respect to the 2324 school year. However, the District Court's error, one of which with respect to that issue, is failing to recognize that the final and binding decision, SRO 24187, which, as Your Honors pointed out, ordered what we want, she failed to apply it retroactively to the date of the filing of the due process complaint. Ms. Lancia, the state put provision, what's the main purpose of it? To ensure that the student has maintained the status quo of their educational placement, right? Would you agree with that? Yes. It's to ensure that the child remains in their then current placement while administrative or judicial proceedings on the current due process complaint continue. And this 2023-24 school year has been completed and her placement continued, right? And so help me understand why this situation here isn't new as well. Well, the issue is that that also relates to the whole granting leave to amend. The judge found we failed to exhaust administrative remedies and only recognized that we would be able to, under her ruling, assert claims, those same claims, for post-March 2024 and beyond, and basically was focusing on the fact that the decision, the SRO decision, which establishes the basis for pendency, which she found, was issued on July 1st, 2024 after the school year had passed. So that was just simply illegal, legally incorrect, as it does go back to the date of the filing of the complaint. So, therefore, the pendency claims, there was no failure to exhaust, first of all, but even if that. There's different years and different appeals. And so the 24, the 23-24 appeal is distinct from the 22-23 appeal, right? Yes, this one's not regarding the 22-23 appeal. And so the July 24 order, which relates to the 22-23 school year, is limited on its face to the 22-23 school year, right? No, not exactly. So basically the final, the last agreed-upon placement under the statute 34 CFR 300.518D would be an administrative officer's decision in favor of the parent. And the child is entitled to remain in that last agreed-upon placement during the pendency, no pun intended, of the administrative and judicial proceedings. So that last agreed-upon placement was SRO 24-187. Therefore, that established the basis for pendency for the 23-24 and 24-25 school years. And the child was entitled to remain in that placement and receive funding for that placement by the express terms of 24-187. But, I mean, you're relying on MACI, right, which was sort of a unique case in which the panel, the Court of Appeals, exercised its equitable authority to retroactively apply an SRO to a different school year. But that was a situation in which the Court found that the delay was attributable to the DOE. And here that's not the case because here there was, there's been no exhaustion, there's been no appeal of the IHO's February 2025 ruling, right? The, apologies, just give me one moment, Your Honor. If I'm correct, the 2025 ruling, well, there was an SRO decision 24-610 that was issued in 2025. Yeah, so there's a 2023 school year. The IHO says that DOE provides a FAPE. You appeal, the SRO says, wrong, no FAPE, and sends it back to the IHO to decide whether or not there are equitable considerations that justify reimbursement. It goes back to the IHO, and in February 2025, the IHO says, no, we're not ordering reimbursement. And the parent appealed, but there has not been a final administrative decision on that appeal. I see that in the REC. There's been an appeal or there's not been an appeal? The parent timely appealed on March 19th, 2025, is my understanding. But it's still pending? Pending, right. So it hasn't been, so it has not been exhausted. Well, no, it has because the parent appealed that. And then if there's not, it hasn't been a decision yet, that's not a failure to exhaust. But in any event, the last. So you get to run the Federal Court before you hear from the SRO. That's your view? You exhausted because you appealed, and you don't have to wait for the SRO to come to the Federal Court. That was a different SRO decision, 24-359. And so the pendency placement for the 23-24 school year was the 24-187. That is not disputed. But the point is, if you appealed, which I didn't see in the REC, but maybe it's there, then the SRO may give you everything you want, just as happened for the 24-25 school year. But until that happens, this process hasn't been exhausted, has it? But also, Your Honor, with respect to pendency, which is what this complaint alleges as the first cause of action. That's an argument you can make to the SRO. But with respect to pendency, there is no exhaustion requirement. And that's what our argument is with regard to why the district court erred with respect to that argument. Isn't your argument that you have not exhausted, but there's an exception to the exhaustion requirement? Yes, exactly. You're not saying you did not exhaust. I mean, you're not saying that you did exhaust. Right, that there's an exception, and that the court failed to recognize that exception and also failed to retroactively apply the last agreed-upon placement in 24-187 to the date of the filing of the due process complaint, which was in 2023. But to that point, Your Honor, we are not just relying on Mackey. We're also relying on Boffa B. Banks, which is now a final Southern District Court decision. It was appealed to the Second Circuit, as you're aware, in 25-673. But that appeal was withdrawn by the parties on April 7, 2025.  I mean, so that doesn't get us very far in terms of the second part. But it was the same finding that along the lines of Mackey in terms of confirming that retroactive reimbursement applies when a student's pendency placement is subsequently established, even if the formal administrative decision is issued after the school year ended, for which the pendency would apply. Well, Mackey doesn't say it's an automatic retroactive. No, it doesn't say that, Your Honor, nor have we claimed that. Ms. Lancey, how do you square your position with Mendez, where this Court held that the state put provision does not create an entitlement to immediate payment or reimbursement? So you're really here seeking reimbursement on a school year that has passed already and the child was in the school that was desired. And so you're really seeking reimbursement. And Mendez, I think, was very clear that reimbursement is not appropriate unless you can show that it would affect their educational placement, right? And so how does that square here? Yes, that's a great question, Your Honor. So Mendez, in Mendez, this Court recognized that placement and funding go hand in hand. Pendency section 1415J creates a right to an automatic injunction as to pendency. Now, with respect to immediate payment, which we are not seeking here, nor do I think factually it would even be possible, given that the school year has passed, to call it immediate. But we're not seeking immediate payment, so that standard of having to show that the child's placement was at risk or in jeopardy does not apply. However, with respect to placement and funding, to be distinct from immediate payment, our argument falls completely in line with Mendez and with the Court's ruling in that case. And just to add, you are seeking immediate payment, though, for the 2024-25 school year? We're seeking payment in the ordinary course. And to my knowledge, and I don't see anywhere in this brief or in the complaint that we were seeking immediate payment. Well, it didn't seem that you had any evidence that they wouldn't pay in the ordinary course. But I don't want to go back to that. We've already discussed the 2024-25 school year.  Well, you reserve some time for rebuttal. We'll now hear from Ms. Gillum on behalf of the view. Thank you, Your Honor. Good morning. May it please the Court. Mackenzie Fellow for the Department of Education, and this was Chancellor. Excuse me. This Court should affirm because a pendency injunction is available only when a placement is at risk, and a placement cannot be at risk for a school year that has ended. Nothing this Court does can ensure that this student goes to school in the 2023-24 school year or the 2024-25 school year. Those years have been completed, and a pendency injunction is just no longer available. So there are two other cases ahead of us with that precise issue? That's exactly right. So can we resolve this case without waiting for those cases to resolve the issue? I don't think you need it. Even under Mendez, it's clear that there's no claim here. But if the Court wants to wait, I think that, I mean, it's been four months. I think they might be writing something. I don't know if the Court wants to wait. You couldn't affirm summarily tomorrow, though, just based on the reasoning of Mendez, which says very clearly you have to show the placement is at risk, and they have not alleged any facts that, if true, would suggest the placement was at risk for a year that is over. And that's why amendment is futile anyway. There's no allegations they can make that would make the child's placement at risk in a school year that is over. And I would like to point out that the Isn't that the same issue, though, as what's pending in the other two cases? It is. Okay. I would like to point out that So is there a way? I guess that's the question. It seems to me for the 24-25 school year, the argument would be it's moot. We don't need to wait for that. That's exactly right. But for the 23-24, is there a way to resolve this without addressing the issues that are before panels ahead of us? I think the reasoning of Mendez supports it. But if the Court wants to wait, certainly that is fine with us. We know we can wait. What should we do? I would like to just merrily affirm tomorrow. But if the Court — I mean, I don't really understand the practices, perhaps, of the Court. If the Court knows that an issue is So on 23-24, they have not exhausted, but there may be an exception to exhaustion. And as to whether the exception applies, there are cases ahead of us that are addressing that issue. That's exactly right.  So assuming the exception applies, assuming that exhaustion is not required, why should we affirm? Because the plaintiff has not alleged any facts that, if true, would suggest that the student's placement for the 20-23-24 school year is at risk. And even if they had filed this case then, they couldn't have made those allegations because DOE paid tuition the whole time. Their complaint concedes that the student went to school the entire year and that DOE paid the tuition. To the extent that they're asking for us to pay now for nursing and transportation costs, I would point the Court to the contracts in the record at page 73 and 85, I believe. The plaintiff doesn't even owe that money. Those contracts specifically say that any payment obligations are suspended until there is a final order. They're asking us to pay money that the plaintiff does not even owe. A pendency injunction is not available under those circumstances. And as Your Honor recognized just a few minutes ago, this Court is not a claims department. We make the payments in the normal course of business when we get an order requiring us to do so. So in 2024-2025, there is an order to pay and the payment will be made at some point? Exactly right. In the ordinary course? Yep. How long does that take? Do you know? I don't know. I suspect some payments have already been made. And as I mentioned earlier, tuition has been paid the whole time. This student's placement was never at risk. And under those circumstances, no pendency injunction is available, period. And if the Court has no further questions, we'd ask you to affirm. Thank you. All right. Thank you. Ms. Lange, we'll hear from you for two minutes every button. Thank you, Your Honor. I'd like to address three claims. First, the child's placement is not just where they go to school. It includes the related services to make access to that education possible, which includes transportation and nursing. Those have not been funded. And nursing was never offered, first. Second, with respect to defendant's claim that we haven't alleged sufficient facts to justify an injunction, I think that goes to Your Honor's question regarding MENDIS. Again, we were never seeking immediate payment in this case, just placement and funding in the ordinary course. And actually, in October, on October 29, 2025, Judge Jeanette Vargas in Crespo v. Aviles-Ramos acknowledged that difference and granted, in part, plaintiff's motion for an injunction declaring the student's pendency placement was at eyebrain and ordering funding, but just not as to immediate payment. So there was an entitlement to a declaration as to the student's pendency placement, including transportation and, for one, student nursing. Lastly, the counsel mentions the contracts. Now, 24187, as I've been saying, requires reimbursement funding for the private transportation and nursing as per the contracts. Now, on October 1, 2025, before a briefing in this case had been completed, Judge Colley McMahon in MENDIS v. Aviles-Ramos, 25CV1096, specifically addressed the issue of what it means to require compliance under the terms of the contract, based on the administrative order, and basically found, actually said that the DOE has to comply with the expressed terms of the final and binding administrative decision, which here is 24187, and which requires funding, reimbursement, excuse me, for transportation and nursing under the terms of the contract. So it's not just about the tuition to eyebrain. It's ensuring that the child is able to travel to and from eyebrain safely and with the one-to-one nursing to which she's entitled. If your honors have no further questions, I'd just like to conclude by respectfully asking this Court to reverse the District Court's decision and order and find it in favor of the plaintiff, Appellant. All right. Thank you both. We will reserve decision.